**JAMES HUGHES, INC., Plaintiff,**

v.

**UNITED STATES of America, Interstate Commerce Commission, and S. C. Loveland Co., Inc., Defendants.**

**67 Civ. 2500.**

United States District Court
S. D. New York.

Nov. 15, 1968.

Christopher E. Heckman, New York City (Foley & Martin and Richard E. Meyer, New York City, of counsel), for plaintiff.

Raymond M. Zimmet, Washington, D. C. (Robert W. Ginnane, Gen. Counsel), for defendant Interstate Commerce Commission.

Peter A. Greene, Washington, D. C. (Macleay, Lynch, Bernhard & Gregg, Washington, D. C., Donald Macleay, Washington, D. C., on the brief; Thomas Liese, Seymour H. Kligler, New York City, of counsel), for defendant S. C. Loveland Co., Inc.

Brian J. Gallagher, Asst. U. S. Atty. (Edwin M. Zimmerman, Asst. Atty. Gen., Robert M. Morgenthau, U. S. Atty. for the Southern Dist. of New York, John H. D. Wigger, Atty., Dept. of Justice), for defendant United States.

Before HAYS, Circuit Judge, and METZNER and MANSFIELD, District Judges.

HAYS, Circuit Judge:

This three-judge court was convened pursuant to 28 U.S.C. §§ 2284 and 2325 (1964) to consider plaintiff's action to suspend, annul, set aside and reverse an order of the Interstate Commerce Commission.

Plaintiff is presently authorized by the ICC to operate as a common carrier by non-self-propelled vessels (barges) between ports and points along the Atlantic coast and tributory waterways, not including the New York State Canal System, from Maine to Virginia, inclusive. In 1965 plaintiff sought an amended certificate of convenience and necessity authorizing the carriage beyond Virginia to and from Tampa, Florida, of objects too large to move by rail or truck. At that time, as now, the only common carrier by water certified between Tampa and Virginia was S. C. Loveland Co., the intervening defendant here. Loveland's only competition in Florida comes from contract carriers, although the extent of such competition is not made clear in the record. The Atlantic coast north and east of Virginia is served by Hughes, Loveland, and others. The Gulf coast west of Tampa is also served by a number of carriers.

Seven shippers testified before the ICC in support of plaintiff's application. The ICC found on the basis of that and other testimony that none of them showed a present need for plaintiff's proposed service, that Loveland's existing service and plaintiff's proposed service were virtually identical, that there were insufficient shipments over the Florida route to prevent Loveland's barges from being idle about 40 percent of the time, and that plaintiff had failed to approach Loveland to negotiate the interlining of shipments to be transported to the west of plaintiff's east coast route. It concluded that plaintiff had failed to sustain the burden of proof imposed upon it by Congress to show that the public convenience and necessity require the proposed service, and denied the application.

■ Judicial review of an ICC order "is limited to consideration of whether it has a rational basis and is supported by substantial evidence." Gilbertville Trucking Co. v. United States, 371 U.S. 115, 126, 83 S.Ct. 217, 224, 9 L.Ed.2d 177 (1962). A court "cannot substitute its own view concerning what should be done, whether with reference to competitive considerations or others, for the Commission's judgment upon matters committed to its determination, if that has support in the record and the applicable law." United States v. Pierce Auto Freight Lines, Inc., 327 U.S. 515, 536, 66 S.Ct. 687, 698, 90 L.Ed. 821 (1946).

■ This court cannot say that the ICC's findings of fact here are without support in the record, or that its order is irrational.

Complaint dismissed.