**AAACON AUTO TRANSPORT INC.,**
**Plaintiff,**

v.

**UNITED STATES of America and Interstate Commerce Commission,**
**Defendants,**
**and**
**Auto Driveaway Company, Intervenor.**

**No. 70 Civ. 1168.**

United States District Court,
S. D. New York.

Oct. 16, 1970.

Morton E. Kiel, New York City, for plaintiff; Zola & Zola, New York City, of counsel.

Whitney North Seymour, U. S. Atty., S. D. N. Y., for defendants; Joseph D. Danas, Asst. U. S. Atty., Arthur M. Toback, Atty., Interstate Commerce Comm., Washington, D. C., of counsel.

Daniel B. Johnson, Washington, D. C., Solomon Granett, Halperin, Morris, Granett & Cowan, New York City, for intervenor.

Before KAUFMAN, Circuit Judge, and LEVET and METZNER, District Judges.

LEVET, District Judge.

AAACon Auto Transport Inc. (hereinafter referred to as "AAACon"), plaintiff herein, seeks to suspend, annul and set aside an order of the Interstate Commerce Commission (hereinafter referred to as "Commission") in a proceeding entitled "Auto Driveaway Company, Extension-Points in United States," No. MC–125985 (Sub-No. 4) authorizing the issuance of a certificate of public convenience and necessity to Auto Driveaway Company (hereinafter referred to as "Driveaway"). Driveaway was permitted to intervene in this action.

The first of many proceedings in this action was a hearing before an examiner. The result of those hearings was a report by the examiner recommending that Driveaway's application be denied. This order was adopted by a majority of the Commission, Division I.

Thereafter, Driveaway was granted leave to reopen the matter. It was only at this point, approximately two years after Driveaway's initial application was filed, that AAACon sought to intervene. The Commission allowed the intervention and both sides submitted papers in a so-called "modified procedure."

The Commission, in a printed decision dated July 9, 1969 (110 M.C.C. 222), reversed its prior denial and approved the application of Driveaway. The plaintiff, AAACon, then petitioned the Commission for reconsideration and for a further hearing. The petition was denied. Thereafter, plaintiff again sought a further hearing and a subpoena duces tecum to permit it to secure certain evidence.

This, in turn, was denied by the Commission.

Jurisdiction and venue in this action are in this court by reason of the provisions of 28 U.S.C.A. §§ 1336, 1398, 2284 and 2321–2325, 49 U.S.C.A. §§ 17(9), 305(g), and 5 U.S.C.A. § 1009. Accordingly, a three-judge court was convened by order dated June 10, 1970, pursuant to the provisions of 28 U.S.C.A. §§ 2284 and 2321.

The scope of judicial review of the orders of the Commission is basically determined by Section 10(e) (B) of the Administrative Procedure Act, 5 U.S.C.A. § 706(2) (B). See United States v. Pierce Auto Freight Lines, Inc., 327 U.S. 515, 535, 66 S.Ct. 687, 90 L.Ed. 821 (1946); Neptune World Wide Moving, Inc. v. United States, 284 F.Supp. 135, 138 (S.D.N.Y.1968); James Hughes, Inc. v. United States, 292 F.Supp. 372, 373 (S.D.N.Y.1968). See also Resort Bus Lines, Inc. v. Interstate Commerce Commission, 264 F.Supp. 742, 746 (S.D.N.Y. 1967). No amplification is needed here.

For the issuance of a motor carrier certificate the statute requires proof of the following:

(1) That the proposed service to the extent required by the present or future public convenience is necessary;

(2) That the applicant is qualified, is fit, willing and able properly to perform the service proposed and to conform to the requirements, rules and regulations of the Commission thereunder (49 U.S. C.A. § 307).

I.

SUBSTANTIAL EVIDENCE WAS SUBMITTED FOR THE COMMISSION TO SUPPORT THE FINDING THAT THE PROPOSED SERVICE WAS NECESSARY.

Twenty-six shipper witnesses composed of nine automobile and truck leasing companies, five companies operating motor vehicle fleets, three repossessors of pledged or mortgaged automobiles, two finance companies, one automobile broker, and six miscellaneous in-

dividual shippers testified in support of the application. (See 110 M.C.C. 231–241)

The Commission concluded that "we are persuaded that applicant has established a need for the proposed service." (110 M.C.C. 226) Nothing in the record would suggest this finding to be arbitrary, capricious, or an abuse of discretion, and we must therefore affirm the findings of the Commission. Rational and adequate evidence was present to support the conclusion that the need existed. Mississippi Valley Barge Line v. United States, 292 U.S. 282, 286–287, 54 S.Ct. 692, 78 L.Ed. 1260 (1934).

## II.

**THE COMMISSION FOUND THAT THE APPLICANT IS FIT AND THE RECORD SUFFICIENTLY SUPPORTS THIS FINDING.**

The Commission's report, which considered attacks of unfitness made for the first time by AAACon, stated:

> "Applicant is presently in compliance with our rules and regulations; however, we are reserving jurisdiction in order to impose in the future such conditions, terms, or limitations as we find necessary to insure applicant's conformity with our rules and regulations." (110 M.C.C. 227)

The reservation of jurisdiction stated was in accord with the practice in other cases. See AADA Systems, Inc. v. Common Carrier Application, 102 M.C.C. 23, 26–27 (1966); Bell Transportation Co., Inc. Extension-Florida, 96 M.C.C. 264, 270–271 (1964). The Commission likewise found, subject to the conditions above stated:

> " * * * that applicant is fit, willing, and able properly to perform such service and to conform to the requirements of the Interstate Commerce Act and the Commission's rules and regulations thereunder; that an appropriate certificate should be issued * * *." (110 M.C.C. 227–228)

█ There is adequate evidence that the Commission considered plaintiff's

contentions as to Driveaway with reference to (a) operations beyond the scope of its authority, and (b) alleged compliance with the Commission's insurance regulations. (See 110 M.C.C. 226, lines 9–12) There is no authority requiring an automatic denial of an application because of prior illegal operations. See Armored Carrier Corporation v. United States, 260 F.Supp. 612, 614–615 (E.D. N.Y.1966); St. Johnsbury Trucking Co. v. United States, 99 F.Supp. 977 (D.Vt. 1951); and see, generally, United States v. Pierce Auto Freight Lines, Inc., 327 U.S. 515, 66 S.Ct. 687 (1946).

As to plaintiff's contentions regarding the institution of an enforcement action by the Commission against Driveaway for alleged lack of proper insurance, it was made clear upon argument by counsel for the Commission (hearing minutes pp. 26–27) and undisputed by counsel for AAACon that nothing more was involved here than the attempt by the Commission to determine whether all such driveaway concerns, including AAACon, are carrying proper cargo insurance. If a violation is found, it would not go to fitness and AAACon would be affected to the same degree as Driveaway.

## III.

**PLAINTIFF'S ATTACK ON CERTAIN EVIDENCE RECEIVED BY THE EXAMINER FOR THE COMMISSION IS WITHOUT FOUNDATION.**

█ Certain letters are said to have been typed on the same typewriter and to have been "notarized by the same notary." The explanation given by counsel for the intervenor and not disputed by plaintiff's counsel was that the three individuals whose statements are questioned drafted the statements while they were attending a meeting in Providence, Rhode Island, and that one of them was an agent of Driveaway as well as having his own business in another state.

It appears that the present plaintiff made no request to examine these witnesses and the claims, at most, deal with

but five of the forty-four shippers supporting the application. In any event, this goes to the weight of the evidence and the credibility of the witnesses, which is a matter for the Commission rather than for the courts. See Merchants' Warehouse Co. v. United States, 283 U.S. 501, 508, 51 S.Ct. 505, 75 L.Ed. 1227 (1931).

The Commission's denial of plaintiff's petitions for a further hearing was not an abuse of the agency's discretion. There is no evidence that plaintiff submitted any adequate reasons for a rehearing or that such a rehearing would warrant a refusal to issue the certificate in question.

Accordingly, the complaint must be dismissed upon its merits.

So ordered.